IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ERNESTO ALMODOVAR** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **DR. MATTHEW COX, M.D.** | : | **NO. 15-879** |

**MEMORANDUM**

**JOSEPH F. LEESON, JR., J.**                                                               **APRIL 10, 2015**

Plaintiff Ernesto Almodovar, a prisoner incarcerated at the State Correctional Institution at Rockview, brings this action against Dr. Matthew Cox based on his testimony at plaintiff's criminal trial. Plaintiff seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss his complaint with prejudice as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**I.     FACTS**[1]

The complaint indicates that plaintiff was charged with various sex crimes in Philadelphia. The Commonwealth's theory of the case was that plaintiff sexually assaulted the victim and exposed him to the Human Papilloma Virus (HPV) during the assault. Dr. Cox testified as an expert witness for the Commonwealth at plaintiff's trial in May of 2004. His testimony primarily concerned how HPV is spread through sexual contact. He also answered questions concerning warts on the victim's anus. Plaintiff attached excerpts of Dr. Cox's trial testimony to his complaint.

---

[1] The following facts are taken from the complaint and documents attached to the complaint. Plaintiff filed a second copy of his complaint with his amended motion to proceed *in forma pauperis*, which is substantively identical to the first complaint he filed.

1

Plaintiff notes that he has never been diagnosed with HPV and that there are currently no tests for whether a male has HPV. He asserts that Dr. Cox "misdiagnosed, misrepresented, and lied about Plaintiff having [HPV]" and that "[t]he Commonwealth used Defendant Cox's lies to illegally convict plaintiff."[2] Compl. at 14, ¶ 54. Based on those allegations, plaintiff asserts claims pursuant to 42 U.S.C. § 1983, which he characterizes as malpractice and defamation claims, as well as related claims under state law. He primarily seeks monetary damages.

## II.     STANDARD OF REVIEW

The Court will grant plaintiff leave to proceed *in forma pauperis* because he has satisfied the requirements set forth in 28 U.S.C. § 1915. As plaintiff is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(i) applies, which requires the Court to dismiss the complaint if it is frivolous. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). As plaintiff is proceeding *pro se*, the Court will construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.    DISCUSSION

Plaintiff's § 1983 claims fail because they are not cognizable. "[T]o recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)

---

[2] Contrary to plaintiff's contention, Dr. Cox testified that he could not discern from plaintiff's medical records whether plaintiff had HPV. May 27, 2004 Tr. at 34:23.

(footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Plaintiff's § 1983 claims are premised on his assertion that he was improperly convicted on Dr. Cox's false testimony. Success on such claims would necessarily imply the invalidity of his convictions, which have not been invalidated.[3]

Alternatively, plaintiff's § 1983 claims fail because Dr. Cox is entitled to absolute immunity from claims based on his testimony at trial. *See Briscoe v. LaHue*, 460 U.S. 325, 345-46 (1983). Likewise, Dr. Cox is absolutely immune from liability under state law in connection with claims predicated on the substance of his testimony at trial. *See LLMD of Mich., Inc. v. Jackon-Cross Co.*, 740 A.2d 186, 302-04 (Pa. 1999). In any event, there is no legal basis for subject matter jurisdiction over any state law claims, as the complaint reflects that the parties are not diverse for purposes of 28 U.S.C. § 1332, and the exercise of supplemental jurisdiction would be inappropriate in light of the Court's dismissal of plaintiff's federal claims.

## IV.   CONCLUSION

For the foregoing reasons, the Court will dismiss the complaint as legally frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). As plaintiff cannot cure the deficiencies in his claims, amendment would be futile. An appropriate order follows, which shall be docketed separately.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
**JOSEPH F. LEESON, JR., J.**

---

[3] To challenge his state convictions in federal court, plaintiff must file a petition for a writ of *habeas corpus*, pursuant to 28 U.S.C. § 2254, after exhausting state remedies.